The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: 1. Can the funds from forfeited reclamation bonds which have accumulated in an escrow clearing account maintained by the State Treasurer be placed by the Department of Mines into interest-bearing accounts, the interest derived therefrom to be used for reclamation purposes? 2. In the instance where a mining operator has failed to performs required reclamation work and the amount of the bid accepted for reclamation of the mining operation is less than the penal sum of the forfeited bond, may the Department retain the excess and use the same for reclamation of other mining operations? As noted in your request, 45 O.S. 728 [45-728] (1978), requires a mining operator to submit to the Department of Mines a surety bond in sufficient penal amount to insure the operator's compliance with the mining laws of the State and the rules and regulations of the Department, including proper reclamation of the land disturbed by the operator. Upon default of the operator, the Department is authorized to request forfeiture of the bond and use the forfeited sum to procure reclamation of the land left in inadequate reclamation condition. However, as you explain, forfeited bond monies have accumulated in an escrow clearing account due to three factors: (1) no bids were received for certain reclamation projects; (2) all bids received were in excess of the forfeited bond money on certain projects and, therefore, no contracts were awarded and (3) the bids accepted for certain projects were less than the forfeited bond amounts and the excess has been retained. In answer to your first question, reference should be made to 62 O.S. 7.1 [62-7.1] (1973), which creates in the official depository in the State Treasury an agency clearing account for each State agency. In addition, 62 O.S. 7.1 [62-7.1] placed a duty on each State agency to deposit daily in the clearing account "all monies of every kind" received by the agency including receipts from "forfeitures and penalties." Moreover, 62 O.S. 7.2 [62-7.2](D) (1978) provides, in pertinent part, that: ". . . All monies received by a state agency, as described in 62 O.S. 7.1 [62-7.1] of the Oklahoma Statutes, shall be deposited in State Treasury funds or accounts and no monies shall be deposited in banks or other depositories unless the said bank accounts are maintained by the State Treasurer or are for the deposit of authorized petty cash funds." We are unable to address your second question for the reason that issues closely related to such question are currently the subject of litigation. Accordingly, it is the official opinion of the Attorney General that your first question be answered as follows: All forfeited bond monies received by the Department of Mines must be placed into the clearing account of the Department maintained by the State Treasurer. The investment of funds deposited in such an account falls within the duties and responsibilities of the State Treasurer as provided by law. (BRENT S. HAYNIE) (ksg)